IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FREDERICK MANUAL JOHN
MASCARENAS,

    Plaintiff,

v.                                                                                                         Civ. No. 17-435 SCY

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

    Defendant.

**<u>ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE OR REMAND</u>**

THIS MATTER comes before the Court on Plaintiff Frederick Manual John Mascarenas' Motion to Remand for Rehearing (Doc. 20). For the reasons discussed below, the Court GRANTS Plaintiff's Motion and remands for proceedings consistent with this Opinion.

**I. Background**

On May 6, 2014, Plaintiff protectively filed a Title II application for a period of disability, and disability insurance benefits, as well as a Title XVI application for supplemental security income . AR 14. Plaintiff claimed disability due to post-traumatic stress disorder, back injury resulting from a car accident, and a learning disability. AR 75. Plaintiff claimed a disability onset date of September 30, 2012. AR 75. Plaintiff's claims were initially denied on September 9, 2014, and upon reconsideration on March 26, 2015. AR 14. On May 7, 2015, Plaintiff filed a written request for a hearing. AR 14. The hearing was held on January 6, 2016. On March 14, 2016, the ALJ issued his decision finding Plaintiff not disabled. AR 26.

Because the parties are familiar with the record in this case, the Court will reserve discussion of Plaintiff's relevant medical history for its analysis.

1

I. **Applicable Law**

A. **Disability Determination Process**

A claimant is considered disabled for purposes of Social Security disability insurance benefits if that individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If claimant is not so impaired, she is not disabled and the analysis stops.

(3) If claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, claimant is presumed disabled and the analysis stops.

(4) If, however, claimant's impairment(s) are not equivalent to a listed impairment, claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

### B. Standard of Review

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991). In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Similarly, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

**II. Analysis**

Plaintiff raises two issues for review. First, Plaintiff argues that the ALJ failed to properly evaluate opinion evidence in the record. On this point, Plaintiff contends that the ALJ failed to incorporate all the limitations found by Dr. Amy DeBernardi and failed to address any of Dr. E.B. Hall's opinions in his decision. Doc. 20 at 9, 11. Second, Plaintiff contends that the ALJ failed to resolve a conflict between the vocational expert's testimony and the dictionary of occupational titles. Doc. 20 at 13. Specifically, Plaintiff contends that the ALJ limited Plaintiff to only occasional contact with the public incidental to the work performed but nevertheless adopted the vocational expert's testimony that Plaintiff could perform the occupation of "cleaner," although it requires the worker to render personal assistance to patrons. For the following reasons, the Court agrees with Plaintiff's first contention to the extent that Plaintiff contends that the ALJ did not weigh the opinion of Dr. Hall as required. Because the Court concludes that this error necessitates remand, the Court does not consider Plaintiff's second argument.

Plaintiff presented to Dr. Hall in October 2014 seeking treatment for post-traumatic stress disorder (PTSD) and anxiety. AR 569. Plaintiff reported feeling depressed, anxious, and moody and had difficulty concentrating and sleeping. AR 670. Dr. Hall opined that Plaintiff presented with symptoms consistent with ADHD, PTSD, mood disorder, anxiety, and insomnia. AR 571-72. Dr. Hall prescribed Tegretol XR and Klonopin. AR 573. The following week, Plaintiff reported that the Klonopin did not manage his anxiety. AR 549. Dr. Hall therefore prescribed Plaintiff Xanax. AR 550. On November 25, 2014, Dr. Hall indicated in his treatment notes that Plaintiff is unable to work due to PTSD. AR 543. Dr. Hall subsequently provided a doctor's note stating that Plaintiff is unable to work due to PTSD and a traumatic brain injury. AR 574.

It is undisputed that the ALJ did not address Dr. Hall's opinion in his decision. Instead, Defendant contends it was not error, or, alternatively, if it was, such error was harmless. Doc. 22 at 7. First, Defendant argues that the ALJ was not required to address Dr. Hall's opinion because it was directed toward an issue reserved to the Commissioner; specifically, whether Plaintiff is able to work. Doc. 22 at 7. Second, Defendant contends that the ALJ considered portions of Dr. Hall's findings. Third, Defendant contends that the ALJ rejected a similar opinion by a separate treating physician, as well as made findings that Plaintiff was specifically seeking an opinion from his doctors that he could not work due to mental limitations. The Court will address these arguments in turn.

The Court first notes that the ALJ was required to address Dr. Hall's opinion that Plaintiff is unable to work. Both 20 C.F.R. § 404.1527(c) and 20 C.F.R. § 416.927(c) state that Commission "will evaluate every medical opinion we receive." However, an opinion that a claimant is disabled or "unable to work" is not considered a medical opinion. *See* 20 C.F.R. § 404.1527(d)(1); 20 C.F.R. § 416.927(d)(1). Accordingly, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." SSR 96-5P. Nevertheless, "opinions from any medical source on issues reserved to the Commissioner must never be ignored." *Id.* Thus, "[i]f the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record." *Id.*

At the least, the Court understands this to require the ALJ to determine whether an opinion by a treating source as to an issue reserved to the Commissioner is supported by the

record in the case. *See id.* In this case, the ALJ did not address Dr. Hall's opinion at all. Accordingly, the Court concludes that this was error.

Having concluded it was error, the Court address Defendant's contentions that such error was harmless. Defendant's first argument is that the ALJ still addressed Dr. Hall's findings despite not addressing him by name. Specifically, the ALJ noted Dr. Hall's findings that despite Plaintiff's mood and affect being anxious, his thought process was logical, his judgment was intact, he was oriented, and his memory was intact. AR 20. Nowhere, however, did the ALJ address whether Dr. Hall's opinion that Plaintiff is unable to work or otherwise compare these findings to Dr. Hall's opinion. Discussing findings by Dr. Hall favorable to his ultimate determination that Plaintiff is not disabled does not cure that discrepancy.

Second, Defendant contends that the error is harmless because the ALJ addressed a similar opinion by licensed professional counselor Patricia Horton and accorded it little weight. Doc. 22 at 8. While it is possible that the ALJ's reasons for rejecting Ms. Horton's opinion that Plaintiff is unable to work would apply to equally to Dr. Hall's opinion, the ALJ's analysis in regard to Ms. Horton's opinion highlights the ALJ's error in not addressing Dr. Hall's opinion. For instance, the ALJ found that Ms. Horton's opinion was conclusory and mostly relied on Plaintiff's questionable reporting of his symptoms. AR 22. The ALJ even noted Plaintiff's request to Dr. Hall for a note indicating that he was unable to work in determining that Ms. Horton's opinion was due little weight. AR 23. In sum, the ALJ engaged in a well-reasoned analysis, consistent with the regulations requirements, for weighing a medical source's opinion (Ms. Horton's) regarding an issue reserved to the Commissioner. The ALJ should have then either extended his determination regarding Ms. Horton's opinion to Dr. Hall's opinion or conducted a separate, similar analysis. But the Court cannot remedy the ALJ's failure to address

Dr. Hall's opinion by imputing the ALJ's findings regarding Ms. Horton's opinion to Dr. Hall. That, in essence, would require the Court to supply factual findings the ALJ failed to make. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) ("[T]o the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, its risks violating the general rule against post hoc justification of administrative action[.]"). The Court accordingly rejects Defendant's contention that the error was harmless.

**Conclusion**

For the foregoing reason, the Court GRANTS Plaintiff's Motion to Remand to Agency (Doc. 20).

_____
UNITED STATES MAGISTRATE JUDGE
Sitting by Consent

7